Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ALBERTO MANUEL MARIANI DE JESÚS Y OTROS<br><br>Peticionaria<br><br>V.<br><br>ALMIDA MARIANI VÉLEZ Y OTROS<br><br>Recurrida | KLCE202500499 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2023CV00563<br><br>Sobre: División o liquidación de la comunidad de bienes hereditarios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de agosto de 2025.

La parte peticionaria compuesta por Alberto Manuel Mariani De Jesús y otros solicitan que revisemos la Resolución y Orden en la que el Tribunal de Primera Instancia se negó a tomar conocimiento judicial.

La parte recurrida compuesta por Almida Mariani Vélez y otros no presentaron su oposición al recurso en el término concedido.

**I**

Los hechos procesales pertinentes para atender y resolver este recurso son los siguientes.

Los peticionarios alegaron ser herederos de Alberto Mariani Vélez y solicitaron la liquidación de sus bienes. Su representación legal adujo que además eran herederos de Armida Vélez Barbosa, cuyos bienes no habían sido liquidados y estaban en la posesión de Almida Mariani Vélez. Página 26 del apéndice. Posteriormente, pidió al TPI que tomara conocimiento judicial del caso LJV2015-0036, en el que Almida Vélez Barbosa reclamó los derechos que

tenía sobre la herencia de su difunto esposo. Los peticionarios alegaron que Almida Vélez Barbosa falleció y fue sustituida por sus herederos Alberto Mariani Vélez y Almida Mariani Vélez. Su representación legal adujo que la sentencia que de ese pleito era nula, porque Alberto Mariani Vélez falleció y no fue sustituido por sus herederos. Página 18 del apéndice del recurso. El TPI resolvió que no podía tomar conocimiento judicial, porque la peticionaria debió solicitar la nulidad de la sentencia en el LIV2015-0036. Página 15 del apéndice del recurso.

La parte peticionaria presentó una moción de reconsideración en la que aceptó que la nulidad debía promoverse en el consabido caso. Página 2 del apéndice del recurso. No obstante, solicitó que se tomara conocimiento judicial sobre los hechos siguientes:

Primero, que el caso LIV2015-0036 se dictó una sentencia el 13 de abril de 2023 notificada el 21 de abril de 2023

Segundo, que durante el proceso judicial del caso LJV2015-0036 la causante Almida Vélez Barbosa falleció por lo que presuntamente fue sustituida por sus herederos Alberto Mariani Vélez y Almida Mariani Vélez.

Tercero que los **herederos de Almida Vélez Barbosa, Alberto Mariani Vélez** y Almida Mariani Vélez, estaban representados por el abogado descalificado, Lcdo. José Morales Irizarry.

Cuarto que el **11 de marzo de 2022 Alberto Mariani Vélez** falleció, siendo **heredero de Almida Vélez Barbosa** y estando pendiente de ser adjudicado el caso **LJV2015-0036, lo cual era un** hecho conocido por el abogado y la parte, Almida Mariani Vélez.

Quinto que Alberto Mariani Vélez heredero de la causante **Almida Vélez Barbosa, no fue sustituido** en el caso **LJV 2015-**

**0036** como lo exige el ordenamiento jurídico **por sus herederos, los aquí demandantes.**

Por último, la representación legal de la peticionaria insistió que el trámite posterior a la muerte de Alberto Mariani Vélez en el caso LIV2015-0036 era nulo, porque no fue sustituido por sus herederos.

La parte recurrida se opuso a la reconsideración, porque la solicitud de nulidad de sentencia tenía que presentarse en el pleito donde se dictó. Página 164 del apéndice del recurso.

El foro recurrido atendió la reconsideración y no encontró razón para modificar su dictamen. Página 161 del apéndice del recurso.

Los peticionarios presentaron este recurso en el que alegan que:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A TOMAR CONOCIMIENTO JUDICIAL DE LOS HECHOS DE FÁCIL CORROBORACIÓN COMETIENDO ERROR MANIFIESTO EN LA APLICACIÓN DE LA NORMA QUE NO ADMITE DISCRECIÓN CAUSANDO GRAVE PERJUICIO A LA PARTE DEMANDANTE

## II

**El certiorari**

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023) Nuestro máximo intérprete de la ley local, definió el *certiorari* como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare n Mun. de Las Piedras I* 206 DPR 391, 403 (2021), *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). La característica principal del *cerciorari,* es la

discreción que tiene el tribunal para atenderlo. La discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.* supra pág. 210.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 *supra* el recurso de certiorari solamente será expedido:

....

para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

A fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA L.P.R.A Ap. XXII establece los criterios que debería considerar para

determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). La denegatoria a expedir un auto de certiorari no constituye una adjudicación en los méritos. Por el contrario. es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**III**

Las circunstancias particulares de este caso no ameritan que ejerzamos nuestra discreción para intervenir con la decisión del foro primario en esta etapa procesal.

## IV

Se deniega el recurso de certiorari.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones